IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

## IN ADMIRALTY

| | |
|---|---|
| The United States of America, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>ERIK J. TAKAKJIAN, STEVE GATTO, TOM PACKER, )<br>TOM MURRAY, DAVE MORTON, STEVE SCHEUER, )<br>and the BOSTON SEA ROVERS, *in personam*, and the )<br>RESEARCH VESSEL (R/V) QUEST, her engines, )<br>anchors, tackle, and appurtenances, etc., *in rem*, )<br>)<br>Defendants. )<br>) | Civil Action No.<br>05-cv-10397 (RWZ) |

## UNITED STATES' NOTICE OF DISMISSAL OF DEFENDANTS MORTON AND THE BOSTON SEA ROVERS

Plaintiff United States files this Notice of Dismissal of Defendants David W. Morton and the Boston Sea Rovers in light of Mr. Morton"s Declaration of April 10, 2005, Attachment 1, and his submission of documentation regarding the removal of items from the Lightship NANTUCKET (LV-117). Pursuant to Fed. R. Civ. P. 41(a)(1)(i), the undersigned counsel certifies that no party has answered the United States' Complaint (Doc. No. 1, filed March 1, 2005) and no party has moved for summary judgment. *See, generally*, Attachment 2.

July 5, 2005

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

MICHAEL J. SULLIVAN
United States Attorney

BARBARA HEALY SMITH
Assistant United States Attorney
District of Massachusetts
United States Courthouse, Suite 9200
1 Courthouse Way
Boston, MA 02210

_____
MATTHEW J. GLOMB
Admiralty Trial Attorney, Civil Division
U.S. Department of Justice
P.O. Box 14271
Washington, D.C. 20044-4271
Telephone: (202) 616-4041
Facsimile: (202) 616-4159

Attorneys for the Plaintiff United States

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing Notice of Dismissal of Defendants Takakjian and the R/V QUEST by the United States was mailed, via First Class Mail, postage prepaid, this 5TH day of July, 2005 to the following:

DAVID MORTON (President, Boston Sea Rovers)
427 Commercial Street
Boston, MA 02109

STEPHEN C. SCHEUER
261 Charlotte White Road
Westport, MA 02790

PETER E. HESS, Esq. (Counsel for GATTO and PACKER)
3 Mill Road
Suite 303
Wilmington, DE 19806

ERIK J. TAKAKJIAN (Owner and Operator of R/V QUEST)
502 Sconticut Neck Road
Fairhaven, MA 02719

THOMAS MURRAY
61 Ballahack Road #1
E. Haddam, CT 06423

_____
MATTHEW J. GLOMB

# ATTACHMENT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

IN ADMIRALTY

The United States of America, )
    Plaintiff, )
v. )
     ) Civil Action No.
ERIK J. TAKAKJIAN, STEVE GATTO, TOM PACKER, ) 05-cv-10397 (RWZ)
TOM MURRAY, DAVE MORTON, STEVE SCHEUER, )
and the BOSTON SEA ROVERS, *in personam*, and the )
RESEARCH VESSEL (R/V) QUEST, her engines, )
anchors, tackle, and appurtenances, etc., *in rem*, )
    Defendants. )

## DECLARATION OF DAVID W. MORTON

I, David W. Morton, hereby declare as follows:

1. I am a personally-named defendant in the above-captioned lawsuit. I am also the President of the Boston Sea Rovers. I am not represented by counsel and the Boston Sea Rovers are not represented by counsel in this matter. I represent myself, but also speak for the Boston Sea Rovers as their President.

2. I participated in dives on the wreck of the Lightship NANTUCKET (LV-117), a light vessel ("LV") of the United States that sank south of the Island of Nantucket.

3. I participated in efforts to recover artifacts from the Lightship NANTUCKET.

4. In the summer of 2004, I was aboard the Research Vessel ("R/V") QUEST and assisted in operations to recover the Lightship NANTUCKET's bell from the wreck.

5. It was my understanding that the bell, along with other items previously removed from the wreck of the Lightship NANTUCKET (LV-117), would be unconditionally returned to the U.S. Coast Guard.

6. In late 2004, I learned that the Coast Guard was investigating the removal of items from the Lightship NANTUCKET (LV-117). It was my understanding that all the items that had been removed would be returned – without reservation or condition – to the Coast Guard.

7. Neither the Boston Sea Rovers nor I make (and have never made) any claim to ownership of these articles. Neither the Boston Sea Rovers nor I make (and have never made) any claim to a salvage award for returning those items to the Coast Guard.

8. Earlier this month, I contacted Matthew Glomb, attorney for the United States Department of Justice, the Government's trial lawyer assigned to the above-captioned case. I hereby confirm that my participation – as the Boston Sea Rovers' President – in recovering articles from the wreck of the Lightship NANTUCKET (LV-117) was limited to bringing a Boston Sea Rover flag aboard the R/V QUEST for photo opportunity purposes, and encouraging the documenting of recovery efforts and display of artifacts either "live" at Boston Sea Rover facilities or via the Boston Sea Rovers' website. According to my recent contacts with my Boston Sea Rover colleagues, my understanding is that all the items that had been removed from the NANTUCKET (LV-117) have been returned to the Coast Guard without any conditions, whatsoever.

9. To my knowledge, all the items that had been removed from the Lightship NANTUCKET (LV-117) were always intended to be unconditionally turned in to the Coast Guard and have in fact been unconditionally returned to the Coast Guard.

10. To my knowledge, nobody involved in the dive operations to recover Lightship NANTUCKET (LV-117) artifacts has *ever* claimed any ownership in those items or sought any reward for salvage of those items.

11. Looking back, I regret my personal participation and even the limited involvement of the Boston Sea Rovers in the removal of the Lightship NANTUCKET (LV-117) artifacts because it was done without having first obtained permission from the Coast Guard. In the future, I will neither dive on or remove articles from the wreck of the Lightship NANTUCKET (LV-117), nor assist others in such ventures, unless first obtaining the written consent of the U.S. Coast Guard. I know the location of the wreck but will not assist others in attempting to locate it without first obtaining permission from the Coast Guard.

12. As President and on behalf of the Boston Sea Rovers, I realize – in retrospect – that it was wrong to remove articles from the Lightship NANTUCKET (LV-117) without the express consent of the Coast Guard. Our intentions were to honor the officers and crew who served aboard the ship and we mean to respect that maritime grave site. To that end, the Boston Sea Rovers collectively pledge to honor the commitment that I made personally in Paragraph 11: We will neither dive on or remove articles from the wreck of the Lightship NANTUCKET (LV-117), nor assist others in such ventures, unless first

3

obtaining the written consent of the U.S. Coast Guard. To the extent that our members may know the location of the wreck, we will not assist others in attempting to locate it without first obtaining permission from the Coast Guard. To the extent that the Boston Sea Rovers hold notes, photographs or videotapes documenting surveying and diving operations on the wreck, we will expeditiously provide a same-quality copy of those materials to the Coast Guard at no cost.

I verify under penalty of perjury, in accordance with 28 U.S.C. § 1746, that the foregoing is true and correct. Executed this 10 day of April, 2005 in Taiwan

_____
DAVID W. MORTON
President, Boston Sea Rovers

4

# ATTACHMENT 2

# United States District Court
## District of Massachusetts (Boston)
### CIVIL DOCKET FOR CASE #: 1:05-cv-10397-RWZ

USA v. Takakjian et al
Assigned to: Judge Rya W. Zobel
Cause: 28:1345 USA Plaintiff

Date Filed: 03/01/2005
Jury Demand: None
Nature of Suit: 120 Contract: Marine
Jurisdiction: U.S. Government Plaintiff

| Date Filed | # | Docket Text |
|---|---|---|
| 06/15/2005 | 12 | NOTICE by USA *of Dismissal of Defendant Murray* (Smith, Barbara) (Entered: 06/15/2005) |
| 06/03/2005 | 11 | NOTICE by USA *of Dismissal of Defendants Takakjian and the Research Vessel (R/V) Quest (with 2 attachments)* (Smith, Barbara) (Entered: 06/03/2005) |
| 03/18/2005 | 10 | Judge Rya W. Zobel : CONSENT ORDER entered. (Johnson, Jay) (Entered: 03/22/2005) |
| 03/11/2005 | 9 | SUMMONS Returned Executed Boston Sea Rovers served on 3/9/2005, answer due 3/29/2005. (Johnson, Jay) (Entered: 03/15/2005) |
| 03/11/2005 | 7 | SUMMONS Returned Executed Dave Morton served on 3/9/2005, answer due 3/29/2005. (Johnson, Jay) (Entered: 03/15/2005) |
| 03/11/2005 | 6 | Judge Rya W. Zobel : Order Stipulation/ORDER entered. re 2 MOTION for Preliminary Injunction MOTION for Temporary Restraining Order filed by USA.(Urso, Lisa) (Entered: 03/14/2005) |
| 03/10/2005 | 8 | SUMMONS Returned Executed Steve Scheuer served on 3/10/2005, answer due 3/30/2005. (Johnson, Jay) (Entered: 03/15/2005) |
| 03/04/2005 | 5 | Judge Rya W. Zobel : ORDER entered. ORDER TO SHOW CAUSE Show Cause Hearing set for 3/11/2005 09:30 AM in Courtroom 12 before Judge Rya W. Zobel.(Johnson, Jay) (Entered: 03/08/2005) |
| 03/01/2005 | 4 | DECLARATION of CDR Steven M. Stancliff, USCG by USA. (Johnson, Jay) (Entered: 03/08/2005) |
| 03/01/2005 | 3 | MEMORANDUM in Support re 2 MOTION for Preliminary Injunction MOTION for Temporary Restraining Order filed by USA. (Johnson, Jay) (Entered: 03/08/2005) |
| 03/01/2005 | 2 | MOTION for Preliminary Injunction and MOTION for Temporary Restraining Order by USA.(Johnson, Jay) (Entered: 03/08/2005) |
| 03/01/2005 | | If the trial Judge issues an Order of Reference of any matter in this case to a Magistrate Judge, the matter will be transmitted to Magistrate Judge Alexander. (Johnson, Jay) (Entered: 03/08/2005) |

| 03/01/2005 |   | Summons Issued as to Tom Murray, Dave Morton, Steve Scheuer, Boston Sea Rovers, Eric J. Takakjian, Steve Gatto, Tom Packer. (Johnson, Jay) (Entered: 03/08/2005) |
|---|---|---|
| 03/01/2005 | 1 | COMPLAINT against Tom Murray, Dave Morton, Steve Scheuer, Boston Sea Rovers, Research Vessel (RV) Quest, Eric J. Takakjian, Steve Gatto, Tom Packer Filing fee: $ 250, receipt number NA, filed by USA. (Attachments: # 1 Exhibit A# 2 Exhibit B# 3 Exhibit C# 4 Exhibit D# 5 Exhibit E# 6 Exhibit F# 7 Civil Cover Sheet and Category Sheet) (Johnson, Jay) (Entered: 03/08/2005) |

| PACER Service Center ||||
|---|---|---|---|
| Transaction Receipt ||||
| 07/05/2005 09:55:15 ||||
| PACER Login: | dj0009 | Client Code: | N |
| Description: | Docket Report | Search Criteria: | 1:05-cv-10397-RWZ |
| Billable Pages: | 1 | Cost: | 0.08 |